E-FILED
Wednesday, 18 August 2021 02:38:20 PM
Clerk, U.S. District Court, ILCD


AUG 1 8 2021

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

-------------------------------------------------------------------

## The United States District Court for the Central District of Illinois

-------------------------------------------------------------------

| | |
|---|---|
| TONY BRUMMETT ) | **VERIFIED COMPLAINT** |
| ) | |
| Plaintiff, ) | DOCKET NO.: 21-CV-2221 |
| ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **COMPLAINT FOR VIOLATIONS OF:** |
| ) | |
| KENCO LOGISTICS SERVICES, ) | |
| LLC ) | |
| ) | (1) **Title V11 of The Civil Rights Act of 1964 as amended** |
| ) | (2) **Federal Law Against Discrimination Retaliation and Hostile Work Environment** |
| Defendant ) | |
| ) | |
| ) | {**Jury Trial Demanded**} |
| ) | |
| ) | |
| ) | |

---

## COMPLAINT

NOW COMES the Plaintiff, Tony Brummett, (Brummett), pro se, and complain of the Defendant KENCO LOGISTICS SERVICES LLC., (Kenco) an third party supply chain headquartered in Chattanooga, TN, that operates(d) logistics service for Caterpillar, Inc. located in Decatur, Il at all times during Brummett employment. Kenco was awarded the contract from Caterpillar after the previous contract holder XPO Logistics.

### 1.  NATURE OF THE ACTION

This is an action for relief from employment discrimination in violation of Title V11 of the Civil Rights Act volume 42, *as amended* ("Title V11"). Beginning with question of discrimination, retaliation and hostile work environment.

Plaintiff Brummett allege that the above defendant and its employees working on behalf of the employer Kenco all are the true names unlawfully discriminated against him on the basis of his race and harassed and retaliated against him for bringing a complaint of what he conceived racial harassment from his team lead Aaron Giles.

Plaintiff further alleges the Defendants' polices, practices and decisions-all arising from the procedure that established and enforced –had a disparate impact upon him based on his race.

## 11. THE PARTIES/FACTUAL ALLEGATIONS

a.  Plaintiff Brummett was employed by Kenco on or about June 18, 2018 –November 2, 2018 as an operations supervisor, see *exhibit A*

b.  Upon information and belief, Defendant Kenco is a third-party logistics service company in the United States, which has 296 employees under the warehousing contract with Caterpillar, Inc. located in Decatur, Il.

c.  Upon information and belief Defendant Kenco operates in the Decatur, Il locations where all or most of the events alleged herein occurred.

d.  At all times relevant herein, Defendant had at least fifteen employees and therefore an "employer" within of Title V11.

e.  In or around November 2018, Brummett brought a charge with the Illinois Department of Human Rights discharge due to race and retaliation for a complaint made in August 2018 and filing two previous charges *see exhibit B*

f.  Defendant Kenco and Circle are liable for the acts of their employees as set forth below.

g.  At all times during Plaintiff employment, Defendant Kenco had an Anti-Harassment and Anti-Discrimination policy, *see exhibit C*

h.  At all times during Plaintiff employment, Defendant Kenco had a Performance Management Procedure policy, *see exhibit D*

i.  On or about June 18, 2018, Brummett started employment with Chad cPeak, Kent Meagher, Dwayne Manley, David Allen, Chare Antoniou, and Amy Tatum

2

j.      Kenco employed Melissa Rowcliff (Rowcliff) as it Human Resources Manager at its Decatur, Il facility.

k.      Kenco employed Eric Moritz (Moritz) as it Operations Manager, Moritz was Brummett immediate supervisor starting in or around July 2018.

l.      Kenco employed John Thacker as it General Manager.

m.      Kenco employed Steve Raso as it Human Resources Network Manager, who office in located in Kentucky

n.      On or about October 29, 2018 Raso compelled Brummett to leave work while he investigate a complaint Brummett made against Thacker and Moritz

p.      On Novemeber 1, 2018 Brummett emailed Raso and Donovan asking to return to work, *see exhibit E*

q.      Kenco Steve Raso emailed Brummett and informed him he was terminated as of that date, November 2, 2018 *see exhibit F*

r.      Kenco employed Marti Donovan as it Human Resources Business Partner, her office was located in Chattanooga, TN

s.      Kenco Marti Donovan wrote Brummett a termination letter, dated November 7, 2018, *see exhibit G*

t.      Kenco moved Brummett from Outbound/Auditing to Receiving/Repack in or around August 2018

u.      Giles worked for the previous contract holder XPO Logistics and had applied for the Receiving/Repack Operations Supervisor position awarded to Brummett prior to Brummett move to the departments

v.      In or around August Brummett became Aaron Giles (Giles) immediate supervisor, and Giles was Brummett team lead

w.      Kenco policy read harassment is oral offensive name-calling, and employee are encourage to report discrimination and/or harassment

x.      In or around August Brummett complained to Moritz regarding Giles statements of him "look like a fucking drunk, stupid ass, dumb ass and would not work with Brummett

y.    In or around August Brummett complained to Thacker regarding Giles statements of him "look like a fucking drunk, stupid ass, dumb ass and would not work with Brummett

z.    On August 30, 2018, Brummett took the complaint of Giles to Human Resources Manager Rowcliff

aa.    On August 30, 2018, Rowcliff asked Brummett to place it in writing if he believed it to be racial, *see exhibit H*

bb.    On August 30, 2018, Moritz and Thacker created a Performance Improvement Plan, *see exhibit I*

cc.    At no time Kenco ever gave a direct report to Brummett informing him of performance issues per its own Performance Improvement Policy

dd.    On August 31, 2018, Rowcliff and Raso created a Separation Agreement from Kenco, *see exhibit J*

ee.    On September 5, 2018, Moritz, Thacker and Raso presented the Performance Improvement Plan and the Separation Agreement and asked Brummett to leave work to think about staying employed

ff..    In or around September Brummett informed Raso and Rowcliff of communication shut down from Thacker and Moritz after his first charge

gg.    In or around October Brummett informed Raso, Giles and Moritz was intentional creating an adverse environment inferring with his work, *see exhibit K*

hh.    Kenco policy states it has an Opportunity for Improvement Form it could had gave and discussed with Brummett if there was performance flaws, *see exhibit L*

ii.    Brummett met the qualification of the Operations Supervisor position that was effective one month prior to Brummett employment, *see exhibit M*

## 111 JURISDICTION AND VENUE

This Court has jurisdiction of Plaintiff federal law claims pursuant to 28 U.S.C 1331, as this case involves questions of federal law. This Court also has supplemental jurisdiction over related state law claim pursuant to 28 U.S.C. 1367.

4

Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and business operation in this District, and all of the events giving rise to action occurred in this District.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed charge of discrimination with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission adopted the findings (EEOC) and the Illinois Division on Civil Rights. On or around July 26, 2021, the EEOC issued Brummett Notices of Rights to Sue, *see exhibit N*. Brummett have timely filed this action and have complied with all administrative requirements to bring this lawsuit.

## V. CLAIMS FOR RELIEF

Brummett incorporates by references as if fully set forth herein the allegations contained in paragraphs a-ii above.

Title VII Civil Rights Act, 42 U.S.C 2000e-2-3a, as amended prohibits employment practices that discriminate and/or retaliate, and create a hostile work environment against a person because he opposed and practice made an unlawful employment practice by this subchapter, 42 U.S.C. 2000e-3a. Brummett made informal and formal complaint to Moritz, Thacker and Rowcliff opposing unlawful discriminatory employment practices based or race and retaliation and as a result of Brummett complaints, the Defendant management team took materially adverse actions against Brummett, including, but not limited to, issuing him a Performance Improvement Plan and a Separation Agreement and compelled him to leave work to think about accepting, continue harassment by inferring with his employment such as locking the supervise cart, call in 3rd shift workers to work in Brummett departments, not communicate with Brummett what Caterpillar line of production are for parts . Defendant adverse actions constituted

5

retaliatory workplace harassment; Defendant retaliatory actions were
sufficient to deter a reasonable person from engaging in protected activity
under Title VII.  As a direct, legal and proximate result of the
discrimination, Brummett have sustained, and will continue to sustain,
economic and emotional injuries, Defendant unlawful actions were
intentional, willful, malicious, and/or done with reckless disregards to
Brummett right to be free from discrimination based on his race and caused
him emotional distress and embarrassment.

The conduct was so severe or pervasive that a reasonable person in
Brummett position would find work environment to be hostile or abusive.
Brummett found his work environment to be hostile or abusive as a result of
Thacker, Moritz, Raso, Rowcliff, and Giles conduct. Whereas, Management
level employees should have knew, or should have known, of abusive
conduct.

Kenco dis not exercise reasonable care to prevent harassment in the
workplace and did not exercise reasonable care to promptly correct any
harassing behavior that did occur.

### DECLARATORY RELIEF ALLEGATIONS

A present and actual controversy exists between Brummett and
Kenco concerning his rights and respective duties. Brummett contend that
Kenco violated his rights and Polices under Title VII, the Illinois Law.
Brummett is informed  and believe and thereon allege that Kenco deny these
allegations. Declartory relief is therefore necessary and appropriate.
Brummett seek judicial declaration of the rights and duties.

### PRAYER FOR RELIEF

WHEREFORE, Brummett pray for relief as follows:

1. For a declaration that Defendant actions, policies, and practices as alleged herein are unlawful

2. For reinstatement;

3. For lost wages and all other compensation denied or lost to Brummett by reason of Defendant unlawful actions, in an amount to be proven at trial;

4. For compensatory damages for Brummett emotional pain and suffering, in an amount excess $500,000;

5. For punitive damages in an amount in an excess of $750,000;

6. For liquidated damages;

7. For interest on lost wages, compensation, and damages, including pre-post judgment interest and  an upward adjustment for inflation;

8. For an order enjoining Defendant from engaging in the unlawful acts complained of herein'

9. For attorney fees and cost of suit to U.S.C. 2000 e, and other Illinois laws and for such other and further relief as this Court deems just proper.

Dated August 18, 2021                                Respectfully submitted,

Tony Brummett, pro se
2640 N. Church Street
Decatur, Il 62526
317.501.9483
tbrum8881@gmail.com