**E-FILED**
Tuesday, 09 November, 2021  11:11:58 AM
Clerk, U.S. District Court, ILCD

The United States District Court for the
Central District of Illinois
Urbana Division

| | | |
|---|---|---|
| TONY BRUMMETT | ) | **VERIFIED COMPLAINT** |
| | ) | |
| Plaintiff, | ) | **Docket No.:   21-CV-2221** |
| | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF:** |
| | ) | |
| KENCO LOGISTIC SERVICES, | ) | |
| LLC.;  operations manager, ERIC MORITZ; | ) | (1) **Title V11 of The Civil Rights** |
| human resources manager, MELISSA | ) | **Act of 1964 as amended** |
| ROWCLIFF, general manager, JOHN | ) | (2) **Federal Law Question Against** |
| THACKER, human resources network | ) | **Discrimination, Retaliation, and** |
| manager, STEVE RASO and safety manager, | ) | **Hostile Work Environment** |
| KOREY BRISCH | ) | (3) **28 U.S. Code § 4101 - Definitions** |
| | ) | **Defamation and Slander** |
| | ) | (4) **18 U.S.C. § 371 conspiracy to** |
| | ) | **defraud the United States** |
| | ) | (5) **Violation of 5 U.S. Code § 2302** |
| | ) | **whistleblower protections (14B)** |
| | ) | |
| | ) | |
| Defendants, | ) | Hon. Colin Stirling Bruce |
| | ) | |
| | ) | Magistrate Judge Eric I. Long |
| | ) | |
| | ) | |
| | ) | **First Amended Complaint** |
| | ) | |
| | ) | **{Jury Trial Demanded}** |
| | ) | |
| | ) | |

### FIRST AMENDED COMP᛫     ᛫ CIVIL ACTION

NOW COMES the Plaintiff, Tony Brummett, (Brummett), pro se, and files within First Amended Complaint, stating as follow:

1.  Plaintiff Tony Brummett, pro se, (hereinafter "Brummett") is an individual of Illinois who resided at all time in this complaint in Macon Co. at 2640 N. Church Street Decatur, Il 62526.

2.  Defendant Kenco Logistic Services (hereinafter Kenco) who was identified in the original complaint as Kenco Logistics Services is a third-party logistics (3PL) company in the United States that contracted with Caterpillar, Inc to oversee Caterpillar, Inc warehousing in Decatur, Il where at that facility employed approximately 296 employees.

3.  Defendant John Thacker (hereinafter Thacker) is Kenco General Manager and where employed at all times during Brummett employment and Brummett took his racial complaint of Aaron Giles (hereinafter Giles).

4.  Defendant Eric Moritz (hereinafter Moritz) is Kenco Operations Manager who Brummett reported to daily during his employment and Moritz provided Brummett with instructions of Caterpillar daily line-up of needed parts to operate *it* production for their employees also Brummett took his racial complaint of Giles to Moritz in accord to Kenco policy.

5.  Defendant Melissa Rowcliff (hereinafter Rowcliff) is Kenco Human Resources Manager who Brummett took his racial complaint of Giles to after Thacker and Moritz instructed Brummett to just "let Aaron be Aaron". Rowcliff created a separation agreement between Brummett and Kenco the following day of his racial complaint.

6.  Defendant Steve Raso is Kenco Network Human Resources Manager and who spoke on behalf to the Illinois Department of Human Rights investigator and had no interaction with Brummett day to day duties.

7.  Defendant Korey Brisch is Kenco Safety Manager and made statements to the Illinois Department of Human Rights (hereinafter Department) investigator towards Brummett without any supporting documents that Brummett was in violation of any policies set forth by Kenco.

1.  **NATURE OF THE ACTION**

This is an action for relief from employment discrimination, retaliation, hostile work environment, in violation of Title V11 of the Civil Rights Act volume 42, *as amended* ("Title V11"), Defamation/Slander 28 U.S. Code § 4101,18 U.S. Code § 371 - Conspiracy to commit offense or to defraud United States/Fraud, Violation of 5 U.S. Code § 2302 whistleblower protections (14B).

Plaintiff Brummett alleges that the above defendants working on behalf of the employer Kenco all are the true names unlawfully discriminated against him on the basis of his race and harassed and retaliated against him for bringing a complaint of what he conceived racial harassment from his team lead Giles. The defendants further defamed Brummett name while committing Fraud on the United State Government at Brummett expenditure.

Plaintiff further alleges the Defendants' polices, practices and decisions-all arising from the procedure that established and enforced –had a disparate impact upon him based on his race. The Defendant/Defendants performed very recklessly subsequent of Brummett complaint.

11. **FACTUAL ALLEGATIONS of HARASSMENT, RETALATION AND HOSTILE WORK ENVIRONMENT**

Brummett incorporates by references as if fully set forth herein

8.  Plaintiff Brummett was employed by Kenco on or about June 18, 2018 -November 2, 2018 as an operations supervisor, see *exhibit A pp. 1of 2*
9.  Upon information and belief Defendant Kenco operates in the Decatur, Il locations where all or most of the events alleged herein occurred.
10.  At all times relevant herein, Defendant had at least fifteen employees and therefore an "employer" within of Title V11.
11.  In or around November 2018, Brummett brought a charge with the Illinois Department of Human Rights discharge due to race and retaliation for a complaint made in August 2018 and filing two previous charges *see exhibit B pp 1of 2*.
12.  Defendant Kenco and Circle are liable for the acts of their employees as set forth below.
13.  At all times during Plaintiff employment, Defendant Kenco had an Anti-Harassment and Anti-Discrimination policy, *see exhibit C pp.1 of 4*.
14.  At all times during Plaintiff employment, Defendant Kenco had a Performance Management Procedure policy, *see exhibit D pp 1of 5*.

15.    On or about June 18, 2018, Brummett started employment with Chad
       McPeak, Kent Meahger, Dwayne Manley, David Allen, Chare Antoniou,
       and Amy Tatum all whom are white.

16.    Kenco employ Steve Raso as its Human Resources Network Manager, who
       office in located in Kentucky.

17.    On or about October 29, 2018 Raso compelled Brummett to leave work while he
       investigates a racial complaint Brummett made against Thacker and Moritz.

18.    On November 1, 2018 Brummett emailed Raso and Donovan asking to return to
       work, *see exhibit E pp. 1 of 1.*

19.    Kenco Steve Raso stated he had made several attempts to get ahold of Brummett to
       no avail.

20.    Kenco Steve Raso emailed Brummett and informed him he was terminated as of that
       date, November 2, 2018 after several attempts of trying to get ahold of Brummett *see
       exhibit F pp. 1 of 1.*

21.    Kenco employ Marti Donovan as its Human Resources Business Partner, her office
       was located in Chattanooga, TN.

22.    Kenco Marti Donovan wrote Brummett a termination letter, dated November 7, 2018,
       stating non-compliance with Kenco Performance Improvement Plan *see exhibit G pp.
       1 of 1.*

23.    Kenco moved Brummett from Outbound/Auditing to Receiving/Repack in or around
       August 2018, giving him additional employees to supervise.

24.    Giles worked for the previous contract holder XPO Logistics and had applied for the
       Receiving/Repack Operations Supervisor position awarded to Brummett prior to
       Brummett move to the departments

25.    In or around August Brummett became Giles immediate supervisor, and Giles was
       Brummett team lead

26.    Kenco policy read harassment is oral offensive name-calling, and employee are
       encouraged to report discrimination and/or harassment

27.    In or around August Brummett complained to Moritz regarding Giles statements of
       him "look like a fucking drunk, stupid ass, dumb ass and would not work with
       Brummett

28.    In or around August Brummett complained to Thacker regarding Giles statements of
       him "look like a fucking drunk, stupid ass, dumb ass and would not work with
       Brummett

29.    On August 30, 2018, Brummett took the complaint of Giles racial behaviors to
       Human Resources Manager Rowcliff.

30.    On August 30, 2018, Rowcliff asked Brummett to place it in writing if he believed it
       to be racial, *see exhibit H pp. 1of 2.*

31. Kenco Anti-Harassment and Anti-Discrimination policy states that if a complaint of harassment is received it would take immediate action and conduct and document a fair, complete, timely and thorough investigation.

32. On August 30, 2018, Moritz and Thacker created a Performance Improvement Plan, *see exhibit I pp. 1 of 4.*

33. At no time Kenco ever gave a direct report to Brummett informing him of performance issues per its own Performance Management Procedure.

34. On August 31, 2018, Rowcliff created a Separation Agreement from Kenco, *see exhibit J pp. 1of 5.*

35. On September 5, 2018, Moritz, Thacker and Raso presented the Performance Improvement Plan and the Separation Agreement and asked Brummett to leave work to think about staying employed as he would not be successful.

36. In or around September Brummett informed Rowcliff of communication shut down from Thacker and Moritz after his first charge in direct violation of the Performance Improvement Plan each gave Brummett.

37. In or around October Brummett informed Raso, Giles and Moritz were intentional creating an adverse environment inferring with his work, *see exhibit K pp. 1 of 2.*

38. 36. Kenco has an Opportunity for Improvement Form to notify employees if there is any performance improvement needed prior to creating a performance improvement plan, *see exhibit L pp. 1 of 1.*

39. Brummett met the qualification of the Operations Supervisor position that was effective one month prior to Brummett employment created by Kenco and whom he should report to, *see exhibit M pp.1 of 1.*

WHEREFORE, Brummett pray for relief as follows:

That this Honorable Court to enter judgement in its favor and against Defendant Kenco in an amount excess $75,000 plus interest and costs.

### 111. Defendant Rowcliff Defamation of Plaintiff /5 US Code § 2302 <u>Prohibited Personnel Practices</u>

40. Rowcliff was employed by Kenco Logistic Services as Human Resources Managers to set the tone for the entire human resources department. From employee relations to payroll to policies and compliance issues.

41. Rowcliff employment involved she made sure that she ensures job descriptions are up to date and Kenco follow all local, state and federal regulations.

42. As Human Resources Manager Rowcliff develop training materials and performance management programs to help ensure employees understand their job responsibilities.

43. Rowcliff violated Kenco Anti-Harassment and Anti-Discrimination policy after she failed to complete an investigation of Giles racial harassment toward Brummett.

44. Rowcliff violated Kenco Anti-Harassment and Anti-Discrimination policy after she took adverse action towards Brummett by creating a separation agreement from employment the following day after Brummett racial complaint of Giles.

45. Rowcliff violated Kenco Anti-Harassment and Anti -Discrimination policy after she retaliated against Brummett with the creation of the separation agreement

46. Rowcliff violated Kenco policy when she did not conduct, document a fair, complete timely and thorough investigation of Brummett racial complaint.

47. Rowcliff irresponsibly stated that she suspected that Brummett was reverse discriminating against Giles, *see Exhibit O pp. 1 of 1.*

48. At no time did Rowcliff had or provided any investigating or documents to Brummett regarding his racial complaint of Giles.

49. Rowcliff slandered Brummett name as if he is a person who discriminate and misuse employees of a different race that report to him based from her statement.

50. Rowcliff made the above-described defamatory statements, fraudulently statement with actual malice, with knowledge of her falsity or alternatively, with reckless disregards for her falsity.

51. Rowcliff made these statements without privilege or justification

52. The above fraudulently statements that is and was defamatory concerning Brummett directly injured him by diminishing his reputation in his profession, trade, and/or business, which has a natural tendency to lower his opportunities in the future.

53. Rowcliff acted with oppression, fraud, or malice as defined by the Civil Code of 28 U.S. Code 4101 and Title V11.

WHEREFORE, Brummett pray for relief as follows:

Rowcliff draw back her alleges statements that was published, seek republication of false statements, apologize in writing to Brummett and pay Brummett in the excess of $75,000 plus costs, attorney's fees and punitive damages for intentional inflicting emotional distress, harassment, embarrassment and future professional damages from opportunities.

### 1V. Defendant Moritz Defamation of Plaintiff//5 US Code § 2302
### Prohibited Personnel Practices

Brummett incorporates by references as if fully set forth herein

54. Moritz was employed by Kenco as Operations Manager to set the tone for the entire operations supervisors at the Decatur, Il facility.

55. Moritz knew and understood that the operations manager for Kenco is a key part of a management team and oversees high-level HR duties, such as attracting talent and

setting training standards and that he would analyze and improve organizational processes, and work to improve quality, productivity, and efficiency.

56.   Moritz violated Kenco Anti-Harassment and Anti-Discrimination policy when he failed to investigate Brummett racial complaint towards Giles.

57.   Moritz violated Kenco Anti-Harassment and Anti- Discrimination policy when he retaliated against Brummett with creating a performance improvement plan the same day Brummett took his racial complaint to Rowcliff.

58.   Moritz violated Kenco Performance Management Procedure policy when he interfered with Brummett employment and his team that reported to him.

59.   Moritz violated Kenco Performance Management Procedure policy when he did not give Brummett a review after promoting him to additional employees and much larger departments.

60.   Moritz violated Kenco Performance Management Procedure policy when he did not schedule a meeting giving Brummett notice of any direct reports regarding Brummett performance.

61.   Moritz intentionally falsely stated that Brummett could not effectively communicate with his team or higher management, *see exhibit P pp.1 of 1.*

62.   Moritz violated Kenco policies as he never communicated or document per Kenco Opportunity for Improvement and/or Kenco Performance Management Policy that Brummett could not effectively communicate with others

63.   Moritz violated/defamed Kenco performance polices when he stated Brummett failed to submit supervisory documents timely, and Brummett was out of compliance by not sending documents to higher management.

64.   Moritz defamed Brummett with stating that Brummett failed to comply with OSHA regulations and not documenting such violations per Kenco policy.

65.   Moritz made these statements without privilege or justification, see (Defendant Exhibit E p 18-20)

66.   The above described defamatory statements concerning Brummett directly injured him by diminishing his reputation in his profession, trade, and/or business, which has a natural tendency to lower his opportunities.

67.   Moritz made the above-described defamatory statements, fraudulently statement with actual malice, with knowledge of his falsity or alternatively, with reckless disregards for his falsity.

68.   Moritz acted with oppression, fraud, or malice as defined by the Civil Code of 28 U.S. Code 4101 and Title V11.

WHEREFORE, Brummett pray for relief as follows:

Moritz draw back his alleges statements that were published, seek republication of false statements, apologize in writing to Brummett and pay Brummett in the excess of $75,000 plus costs, attorney's fees and punitive damages for intentional inflicting emotional distress, embarrassment, humiliation, and future professional damages from opportunities

## V. Defendant Thacker Defamation of Plaintiff//5 US Code § 2302
### Prohibited Personnel Practices

Brummett incorporates by references as if fully set forth herein

69.   Thacker was employed by Kenco as General Manager to Develop key performance goals and managing the performance of staff, creating and implementing strategies for business growth at the Decatur, Il facility.
70.   Thacker knew or should have known Kenco Anti-Harassment and Anti-Discrimination policies.
71.   Thacker violated Kenco Anti-Harassment and Anti-Discrimination policy when he failed to investigate Brummett racial complaint towards Giles.
72.   Thacker violated Kenco Anti-Harassment and Anti- Discrimination policy when he retaliated against Brummett with creating a performance improvement plan the same day Brummett took his racial complaint to Rowcliff.
73.   Thacker violated Kenco Performance Management Procedure policy when he did not give Brummett a review after promoting him to additional employees and much larger departments.
74.   Thacker violated/defamed Kenco performance management procedure policy when he stated Brummett became argumentative when he allegedly coached Brummett *see Exhibit Q pp. 1 of 1.*
75.   Thacker violated/defamed Kenco performance management procedure when Brummett was moved from auditing to repack stating that Brummett team was under-performing and that Brummett failed to correct.
76.   Thacker made these statements without privilege or justification, see (Defendant Exhibit A, C-D)
77.   The above described defamatory statements concerning Brummett directly injured him by diminishing his reputation in his profession, trade, and/or business, which has a natural tendency to lower his opportunities.
78.   Thacker made the above-described defamatory statements, fraudulently statement with actual malice, with knowledge of his falsity or alternatively, with reckless disregards for his falsity
79.   Thacker acted with oppression, fraud, or malice as defined by the Civil Code of 28 U.S. Code 4101, Title V11 and 18 U.S.C. § 371 conspiracy to defraud the United States

8

WHEREFORE, Brummett pray for relief as follows:

Thacker draw back his alleges statements that were published, seek republication of false statements, apologize in writing to Brummett and pay Brummett in the excess of $75,000 plus costs, attorney's fees and punitive damages for intentional inflicting emotional distress, embarrassment, humiliation, and future professional damages from opportunities

### V1.  Defendant Raso Defamation of Plaintiff//5 US Code § 2302
### Prohibited Personnel Practices

Brummett incorporates by references as if fully set forth herein

80.   Raso made these statements without privilege or justification, see (Defendant Exhibit A, C-D)

81.   The above described defamatory statements concerning Brummett directly injured him by diminishing his reputation in his profession, trade, and/or business, which has a natural tendency to lower his opportunities.

82.   Raso made the above-described defamatory statements, fraudulently statement with actual malice, with knowledge of his falsity or alternatively, with reckless disregards for his falsity.

83.   Raso acted with oppression, fraud, or malice as defined by the Civil Code of 28 U.S. Code 4101, Title V11 and 18 U.S.C. § 371 conspiracy to defraud the United States

WHEREFORE, Brummett pray for relief as follows:

Raso draw back his alleges statements that were published, seek republication of false statements, apologize in writing to Brummett and pay Brummett in the excess of $75,000 plus costs, attorney's fees and punitive damages for intentional inflicting emotional distress, embarrassment, humiliation, and future professional damages from opportunities

### V11.  Defendant Brisch Defamation of Plaintiff//5 US Code § 2302
### Prohibited Personnel Practices

Brummett incorporates by references as if fully set forth herein

84.   Brisch made these statements without privilege or justification, see Exhibit R 1of 2 and Defendant Exhibit p20).

85.   The above described defamatory statements concerning Brummett directly injured him by diminishing his reputation in his profession, trade, and/or business, which has a natural tendency to lower his opportunities.

86.   Brisch made the above-described defamatory statements, fraudulently statement with actual malice, with knowledge of his falsity or alternatively, with reckless disregards for his falsity.

87.   Brisch acted with oppression, fraud, or malice as defined by the Civil Code of 28 U.S. Code 4101 and Title V11.

WHEREFORE, Brummett pray for relief as follows:

Brisch draw back his alleges statements that were published, seek republication of false statements, apologize in writing to Brummett and pay Brummett in the excess of $75,000 plus costs, attorney's fees and punitive damages for intentional inflicting emotional distress, embarrassment, humiliation, and future professional damages from opportunities

## V111.  18 U.S.C. § 371 conspiracy to
## defraud the United States Government Agencies

Brummett incorporates by references as if fully set forth herein

88.    Kenco, Attorney Elliott and Raso all knew that the information each provided to the Department was false statements and each also knew that each was obligated to be truthful with the investigator of the Government agency, the "Department".

89.    Kenco, Attorney Elliott and Raso all knew the mandate of the Appellate Court was false on the face of the decision and each knew each should have sought correction of the publication and the facts that the Appellate Court held.

90.    Nonetheless, as arranged and agreed by Kenco and circle it allowed the AG Office to file false statements of Brummett before the Appellate Court knowing Rowcliff, Moritz, or Brisch were not true witnesses in Brummett charges.

91.    Kenco meanwhile, fraudulently litigated Brummett complaint before the Department. After Brummett filed he Discrimination, Retaliation and Hostile Work Environment complaint.

92.    In addition to the fraud, the scheme has also now included perjured as Kenco come into this Court with the false statements that were made to the Department and spoliation of substantial documents for purposes of concealing the conspiracy and its wrongful acts which Brummett addressed in his plea to the Appellant Court.

93.    As a result of Defendants' unlawful conduct, Brummett has spent hundreds of hours of time, been back and forth to Doctor and Hospital stemmed from the stress and anxiety defending the fraudulently-filed response and opinions by the Department, Commission, AG Office and the Appellate Court and responding to numerous baseless defenses and now this cause before this Court as each come in knowing the mandate reflects fraud.

WHEREFORE, by means of this lawsuit, Brummett seeks that all Defendants be jointly and/or individually  found liable to the extent of (i) treble the damages incurred by Brummett due to Defendants' unlawful activity, including attorneys' fees and costs spent defending this fraudulent actions pursuant to Federal statutes, (ii) including intentional emotional distress, embarrassment and (iii) in the excess of over 2.5 million dollars or an amount otherwise to be decided by a jury in the form of punitive damages for Defendants' illegal and fraudulent actions, all opinions of the Court and jury forwarded to the 4th Districts Appellate Court, Illinois Attorney General Office and the Tennessee Bar Association for mis-conduct of Jay Elliott.

## IX Violation of 5 U.S. Code § 2302 whistleblower protections (14B)

Brummett incorporates by references as if fully set forth herein

94.    Kenco, Rowcliff, Moritz,Thacker and Raso retaliated against Brummett when it took action to punish Brummett when placing him on an Performance Improvement Plan and offering him nearly $6000.00 dollars to resign from Kenco and have nothing to do with any company it affiliate for exercising his workplace rights or for reporting a legal violation of workplace laws

95.    Kenco fired Brummett two months later after making a complaint of discrimination and retaliation and not accepting the separation agreement

WHEREFORE, Brummett pray for relief as follows:

That this Honorable Court to enter judgement in its favor and against Defendant Kenco in an amount excess $75,000 plus interest and costs.

## X Promissory Estoppel

Brummett incorporates by references as if fully set forth herein

96.    In the alternative, Kenco promises to Brummett constituted intentional promises when it presented the Anti-Harassment, Anti-Discrimination, and the Performance Improvement Plan polices to Brummett, which Kenco knew or should have known would induce Brummett to act or refrain acting to its detriment

97.    Brummett did, in fact, reasonably rely upon Kenco promises to it detriment when he decided to accept employment, which approximately caused reasonably foreseeable damages to Brummett by the statement that where made to the Department, AG Office and the Appellate Court

98.    Brummett relied upon the promises of Kenco Anti-Harassment, Anti-Discrimination, and the Performance Improvement Plan polices with the understanding that the terms and conditions of those polices

99.    The actions of Kenco proximately caused reasonably foreseeable damages to Brummett consisting of lost wages, lost benefits, lost opportunities

WHEREFORE, Brummett pray for relief as follows:

That this Honorable Court to enter judgement in its favor and against Defendant Kenco in an amount excess $75,000 plus interest and costs.

## X1. JURISDICTION AND VENUE

This Court has jurisdiction of Plaintiff federal law claims pursuant to 28 U.S.C 1331, as this case involves questions of federal law and Brummett invoking his Constitution Seventh Amendment Rights. This Court also has supplemental jurisdiction over related state law claim pursuant to 28 U.S.C. 1367.

Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and business operation in this District, and all of the events giving rise to action occurred in this District.

## X11. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed charge of discrimination with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission adopted the findings (EEOC) and the Illinois Division on Civil Rights. On or around July 26, 2021, the EEOC issued Brummett Notices of Rights to Sue, *see exhibit N.* Brummett have timely filed this action and have complied with all administrative requirements to bring this lawsuit.

## XIII. CLAIMS FOR RELIEF

Brummett incorporates by references as if fully set forth herein the allegations contained in paragraphs 1-100 above.

Title VII Civil Rights Act, 42 U.S.C 2000e-2-3a, as amended prohibits employment practices that discriminate and/or retaliate, and create a hostile work environment against a person because he opposed and practice made an unlawful employment practice by this subchapter, 42 U.S.C. 2000e-3a. Brummett made informal and formal complaint to Moritz, Thacker and Rowcliff opposing unlawful discriminatory employment practices based or race and retaliation and as a result of Brummett complaints, the Defendant management team took materially adverse actions against Brummett, including, but not limited to, issuing him a Performance Improvement Plan and a Separation Agreement and compelled him to leave work to think about accepting, continue harassment by inferring with his employment such as locking the supervise cart, call in 3rd shift

workers to work in Brummett departments, not communicate with Brummett what Caterpillar line of production are for parts and wrongfully terminating him for not being in compliance with the Performance Improvement Plan as each was not in compliance with Kenco polices. Defendants adverse actions constituted retaliatory workplace harassment; Defendants retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII and defendants defamed Brummett names without any supporting material to back the statements.  As a direct, legal and proximate result of the discrimination, Brummett have sustained, and will continue to sustain, economic and emotional injuries, Defendant unlawful actions were fraud, intentional, willful, malicious, and/or done with reckless disregards to Brummett right to be free from discrimination based on his race and caused him emotional distress, embarrassment and defamed his reputation professional and personally.

The conduct was so severe or pervasive that a reasonable person in Brummett position would find work environment to be hostile or abusive. Brummett found his work environment to be hostile or abusive as a result of Thacker, Moritz, Rowcliff conduct. Whereas, Management level employees should have knew, or should have known, of abusive conduct and should have not committed Fraud in it defenses to our higher State Government.

Kenco did not exercise reasonable care to prevent harassment in the workplace and did not exercise reasonable care to promptly correct any harassing behavior that did occur as this Court can view from all pleadings.

<u>**DECLARATORY RELIEF ALLEGATIONS**</u>

A present and actual controversy exists between Brummett and Kenco concerning his rights and respective duties. Brummett contend that Kenco, Thacker, Moritz, and Rowcliff violated his rights and Polices under **Title VII, 28 U.S. Code § 4101, 18 U.S.C. § 371 and 5 U.S. Code § 2302 14B**   Brummett is informed and believe and thereon allege that Kenco deny these allegations. Declaratory relief is therefore necessary and appropriate. Brummett seek judicial declaration of the rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Brummett pray for relief as follows:

1. For a declaration that Defendant Kenco actions, policies, and practices as alleged herein are unlawful

2. For reinstatement;

3. For lost wages and all other compensation denied or lost to Brummett by reason of Defendant Kenco unlawful actions, in an amount to be proven at trial;

4. For compensatory damages for Brummett emotional pain and suffering, in an amount excess $500,000;

5. For punitive damages in an amount in an excess of 1 million dollars;

6. For liquidated damages;

7. For interest on lost wages, compensation, and damages, including pre-post judgment interest and an upward adjustment for inflation;

8. For an order enjoining Defendants from engaging in the unlawful acts complained of herein'

9. For attorney fees and cost of suit to U.S.C. 2000 e, and for such other and further relief as this Court deems just proper.


Dated November 8, 2021                                Respectfully submitted,

                                                      Tony Brummett, pro se
                                                      2640 N. Church Street
                                                      Decatur, Il 62526
                                                      317.501.9483
                                                      tbrum8881@gmail.com