The United States District Court for the
Central District of Illinois

| | | |
|---|---|---|
| TONY BRUMMETT | ) | VERIFIED COMPLAINT |
| Plaintiff, | ) | Docket No.:  21-CV-2221 |
| v. | ) | CIVIL ACTION |
| | ) | COMPLAINT FOR VIOLATIONS OF: |
| KENCO LOGISTIC SERVICES, LLC.; | ) | |
| | ) | Magistrate Judge Eric Long |
| Defendant, | ) | |

### PLANITIFF'S SECOND AMENDED COMPLAINT IN CIVIL ACTION DEMAND JURY TRIAL DEMANDED

AND NOW, comes Plaintiff TONY BRUMMETT, pro se, and files the within Second Amended Complaint stating as follows:

1. Plaintiff Tony Brummett (hereinafter Brummett) is an individual with his place of residence have and at all time during his employment and this litigation has been at 2640 N. Church Street, Decatur, Il 62526

2. Defendant Kenco Logistic Services, LLC (hereinafter "Kenco") is a company with a principle place of business where it was founded in 1950 is located at 2001 Riverside Drive, Chattanooga TN.

1

3. Plaintiff Tony Brummett was employed by Kenco through its principle place of business, see (Exhibit sec A) at one of its warehousing contract sites and terminated by Kenco through its principle place of business by Marti Donovan Kenco Business partner, see (Exhibit sec B).

4. In or around June 29, 2018, Kenco provided Brummett a Anti-Harassment and Anti-Discrimination Policy authored by Kenco in house attorney Jay Elliott, see (Exhibit sec C)

5. In or around June 29, 2018, Kenco provided Brummett an Performance Management Procedure Policy authored by business partner Marti Donovan, and an opportunity for improvement form to start the process of performance issues, see (Exhibit sec D).

6. Part of Brummett accepting the polices created by Kenco Jay Elliott and Marti Donovan Brummett understood those was his right upon agreements of employment and continued employment.

7. Kenco employee General Manager John Thacker (hereinafter Thacker) whom Brummett agreed to receive a salary of $58,000 a year, with a full benefit package including a 401k plan along with reimbursement from continue education toward his position and performance incentives for achieving goals.

8. Pursuant to all discussions with the recruiting team and the respective representatives Brummett and Kenco agreed to the above terms and Brummett started employment with Kenco.

9. Thacker on behalf of Kenco authorization spoke to an Illinois Government Agency regarding Brummett employment at Kenco.

10. Eric Moritz is Kenco Operations Manager and at Kenco authorization he spoke to an Illinois Government Agency regarding Brummett employment at Kenco.

11. Melissa Rowcliff is Human Resources Manager and at Kenco authorization she spoke to an Illinois Government Agency regarding Brummett employment at Kenco.
12. Steve Raso is Kenco Network Human Resources Manager and at Kenco authorization he spoke to an Illinois Government Agency regarding Brummett employment at Kenco.
13. Korey Brisch is Kenco Operations Manager and at Kenco authorization he spoke to an Illinois Government Agency regarding Brummett employment at Kenco.

## II. Subject Matter Jurisdiction

14. 28 U.S.C. § 1331 supplies the Court with original federal question jurisdiction over this action because it arises under the Constitution and laws of the United States.
15. 28 U.S.C. § 1332 supplies the Court with original diversity jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizen of different a different State.
16. U.S.C. § 1343 supplies the Court with ordinal federal question jurisdiction over this action because it is an action to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and statues providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

**Facts:**

17. There exists an active, justiciable amongst Brummett and Kenco and its agents about whether each misrepresented facts regarding Brummett.

## COUNT 1 – Intentional inflicting Emotional Distress

Brummett incorporates by references as if fully set herein

18. That the Defendant and or its agents willfully, maliciously and intentionally inflicted emotional distress upon Brummett without just cause with the intent of harming Brummett and as a direct and proximate cause of Defendant and or its agents' actions Brummett were in fact irreparably harmed by the Defendant and or its agents.

3

### COUNT 11-Defamtion / Slandered

Brummett incorporates by references as if fully set herein

19. That the Defendant and or its agents have intentionally maliciously and without just cause slandered Brummett name, reputations in the community and business sector by making knowingly false, malicious and intentional statements about Brummett and as a direct and proximate cause thereof the Defendants and or its agents have irreparably harmed Brummett and his name.

### COUNT 111-Fraud

Brummett incorporates by references as if fully set herein

20. That the Defendant or its agents have intentionally maliciously and without just cause engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm Brummett and his name and as a direct and proximate cause thereof Brummett and his name have been irreparably harmed.

### COUNT IV

Brummett incorporates by references as if fully set herein

21. That as a result of Defendant and its agent actions Brummett have been forced to defend his name and incurred cost; Defendant is liable.

### COUNT V

Brummett incorporates by references as if fully set herein

22.

**Irreparable Harm**

4

a. Kenco and its agents illegal conduct irreparably harmed Brummett by abridging rights guaranteed by the First Amendment, and other federal speech protection under the 1964 civil rights.

b. The Defendant and or its agents committed the tort of intentional interference with Brummett employment by willfully and intentionally engaging in conduct that was misrepresented to a Government agency.

23. **Request for Relief**

c. Brummett should prevail against Kenco on all claims

d. Brummett request a judgement in his favor as to all claims against the Defendant Kenco awarding all relief he is entitled to.

e. Brummett request a judgement against the Defendant Kenco declaring Fraud for misleading statements regarding Brummett.

f. Brummett request an injunction against Kenco from such unlawful conduct in the future.

g. Brummett request this Court censorship Kenco Anti-Harassment and Anti-Discrimination Policy and Performance Management Procedure Policy

WHEREFORE PREMISES CONSIDERED, Brummett demand a judgement of from the Defendant in the sum of in excess of $750,000 dollars in compensatory damages, actual damages, nominal damages and excess of 2.5 million for punitive damages along with a reasonably attorney fee and all cost Brummett have occurred and set a hearing and jury trial in this matter after Defendant response.

5

Brummett pray for such other relief as in law or equity he may be entitled.

Dated October 17, 2022

Respectfully submitted,

*/s/ Tony Brummett*

Tony Brummett

6

P.O. Box 1607
2001 Riverside Drive (37406)
Chattanooga, TN 37401



# KENCO

June 8, 2018

Mr. Tony Brummett
2640 N Church Street
Decatur, IL 62522

Dear: Tony

It is a pleasure to confirm our offer of employment to you. You will be employed at our KENCO Caterpillar facility in Decatur, IL as an Operations Supervisor, 2nd shift and will report directly to me.

Below are the details of the offer:
- Your starting annual base salary will be $58,000, paid semi-monthly.
- You will be eligible for a performance incentive of up to 5% of your base salary, based on completion of defined goals and objectives and overall financial performance of the Company. This amount will be pro-rated for the remainder of 2018.
- You will accrue Paid Time Off at a rate of 3.35 hours per pay period.
- Your start date is June 18, 2018.

On your 31st day of employment you will be eligible for the following company benefits: medical, prescription drug coverage, dental, vision, tuition reimbursement, medical supplemental benefits (critical illness, hospital indemnity, accidental injury), short and long-term disability coverage, group life insurance, long term care coverage, employer-matched 401(k) plan. On your start date you will be eligible for vacation and paid holidays. You will be contacted by a Human Resources representative regarding your benefits enrollment paperwork once you have accepted our offer and all contingency requirements are met.

By accepting this offer, you confirm that you are able to accept this job and carry out the work that it would involve without breaching any legal restrictions on your activities, such as restrictions imposed by a current or former employer. You also confirm that you will inform Kenco about any such restrictions and provide Kenco with as much information about them as possible, including any agreements between you and your current or former employer describing such restrictions on your activities. You further confirm that you will not remove or take any documents or proprietary data or materials of any kind, electronic or otherwise, with you from your current or former employer to Kenco without written authorization from your current or former employer, nor will you use or disclose any such confidential Information during the course and scope of your employment with Kenco. If you have any questions about the ownership of particular documents or other information, discuss such questions with your former employer before removing or copying the documents or information.

The offer of employment is contingent upon the completion of a pre-employment drug screen analysis and criminal background check. We reserve the right to withdraw this offer if the drug screen analysis result or the background check is unfavorable. Your employment with Kenco is at-will and either party can terminate the relationship at any time, with or without cause and with or without notice.

If you are employed, we recommend not giving notice to a current employer until Kenco has confirmed you have successfully completed all portions of our hiring process, including a background check and drug screen.

Exhibit Sec A

Tony, we are excited about you joining Kenco. Please indicate your acceptance of this offer by signing at the bottom of the letter and returning it to me and scanning a copy to Austin Taylor - Corporate HR. Please retain a copy for your records. If you have any questions, do not hesitate to contact me.

Sincerely,

John Thacker
General Manager

Offer Accepted: _____   8 Jan 18
Tony Brummett                                     Date



# KENCO

November 7, 2018

Tony Brummett
2640 N. Church Street
Decatur, IL 62526

Tony Brummett,

As mentioned in the November 2 e-mail we sent you, this letter is to inform you that your employment with Kenco Logistics, LLC has been terminated as of Friday, November 2, 2018 due to non-compliance with our Performance Improvement Plan process.

You will receive your final paycheck on November 15, 2018 and payment for any remaining accrued PTO.

You are requested to schedule the return of Caterpillar's company property. Please contact Nolan Benedict at 217-475-4475 or on his cell phone at 217-299-6730 to schedule the return of their computer to the main Caterpillar campus at Gate 1. If you have any personal effects that are still at the site, you can let Mr. Benedict know what he should gather for you and he can return everything at the same time when you meet him to return the Caterpillar computer.

If you have questions about compensation, benefits, or company property, please contact Marti Donovan at 423-643-3310, or refer to the enclosed benefit packet.

Sincerely,

*Marti Donovan*

**Marti Donovan**
Human Resources Business Partner
2001 Riverside Drive • Chattanooga, TN 37406

Exhibit Sec B

| KENCO | STD-HR-1009 | Anti-Harassment and Anti-Discrimination Policy | Revision: 02 |
|---|---|---|---|
| | Revision Date: 10/27/16 | Replaces: N/A | Effective Date: 11/15/16 |

| Author: *Elliott III 10/27/16* | |
|---|---|
| Author Group: *Elliott III 10/27/16* | President Kenco Management Services *Scott* 10/28/16 |

## 1.0 PURPOSE

Kenco is committed to providing a workplace in which the dignity of every individual is respected. Being respected means being treated honestly and professionally, with your unique talents and perspectives valued. Employment discrimination and harassment -- or retaliating against someone for opposing discrimination or harassment -- is prohibited and will not be tolerated.

## 2.0 SCOPE

This document applies to all Kenco facilities unless a Site Policy takes its place.

## 3.0 DEFINITIONS

N/A

## 4.0 POLICY

1. HARASSMENT IS PROHIBITED
   a. Harassment is unwelcome conduct toward a person on the basis of their inclusion in a protected class when the conduct creates an intimidating, hostile, or offensive work environment.
   
   b. Examples of harassment that violate the law and this policy include but are not limited to
      - Oral or written communications that contain offensive name-calling, jokes, slurs, negative stereotyping, or threats. This includes comments or jokes that are distasteful or targeted at individuals or groups.
      - Nonverbal conduct, such as staring, leering, making inappropriate gestures, and giving inappropriate gifts.
      - Physical conduct, such as assault or unwanted touching.
      - Images such as derogatory or offensive pictures, cartoons, drawings or gestures. Such prohibited images include those in hard copy or electronic form.

2. SEXUAL HARASSMENT IS PROHIBITED
   a. Sexual harassment is a form of harassment that is based on sex or sexual-based behavior. Sexual harassment may also take the form of a person in a position of authority that ties hiring, promotion, termination or any other condition of employment to a demand for sexual favors. Although having a consensual romantic relationship with another Kenco employee is not harassment, harassment may occur as a result of the relationship if either person in the relationship engages in conduct in the workplace that is inappropriate or unwelcome.
   
   b. Kenco's objective is to provide a safe work environment where we all treat each other respectfully and professionally. Unprofessional or disrespectful behavior interferes with that objective and will not be tolerated. Kenco reserves the right to respond to inappropriate


Exhibit See C

Proprietary Information - Kenco    Page 1 of 4

Exhib.+ See C

| Document Number: | Rev # | Title: |
|---|---|---|
| STD-HR-1009 | 02 | Anti-Harassment and Anti-Discrimination Policy |

**KENCO**

behavior even when no one has complained.

3. **DISCRIMINATION IS PROHIBITED**
   a. Discrimination occurs when an employer takes an adverse employment action against an employee or applicant on the basis of their inclusion in a protected class.
   b. Examples of discriminatory conduct might include but are not limited to:
      - Termination of employment.
      - Failure to promote.
      - Demotion.
      - Discriminatory compensation
      - Discriminatory terms and conditions of employment (such as transfer, access to training or access to equipment)

4. **PROTECTED CLASSES**
   a. Race
   b. Color
   c. Religion or creed
   d. National origin or ancestry
   e. Sex, including gender and pregnancy
   f. Age
   g. Physical or mental disability
   h. Veteran status
   i. Genetic information
   j. Citizenship
   k. Other classes recognized and protected by federal, state, or local law

5. **RETALIATION** – Kenco encourages employees to report discrimination and/or harassment. Retaliation in any form (for example, threats, intimidation, reprisal, or retaliatory discipline) against an employee for making a complaint or for participating in an investigation (for example, by being interviewed or by providing a witness statement) will not be tolerated.

6. **COVERAGE** – The law and this policy both prohibit co-workers and third parties, as well as managers and supervisors, with whom the employee comes into contact from engaging in the types of misconduct described herein.

7. **REPORTING**
   a. All managers and supervisors are responsible for eliminating conduct that violates this policy. Furthermore, all Kenco employees are responsible for fostering a work environment that is discrimination-free, harassment-free, and retaliation-free.
   b. All employees are essential in helping Kenco maintain an environment that is conducive to productivity, growth, and development. For this reason, Kenco employees who feel that they are the subject of or have otherwise witnessed discrimination, harassment, or retaliation should report it to their immediate Supervisor, their Site Manager, or to Human Resources. Supervisors or managers who receive complaints of discrimination, harassment, or retaliation must report them to Human Resources.
   c. If an employee is uncomfortable reporting the issue to Site Management, they should contact the Kenco Hotline by:
      Telephone:
      - English speaking USA and Canada: (855) 400-8002 (not available from Mexico)
      - Spanish speaking North America: (800) 216-1288 (from Mexico user must dial 001-800-216-2188).
      Website: http://www.lighthouse-services.com/kencogroup
      E-mail: reports@lighthouse-services.com (Must include company name with report)



| Document Number | Revision | Title | |
|---|---|---|---|
| STD-HR-1009 | 02 | Anti-Harassment and Anti-Discrimination Policy | |

Fax: (215) 689-3885 (Must include company name with report)

d.  After receiving a complaint, Kenco will take immediate action by conducting and documenting a fair, complete, timely, and thorough investigation which provides all parties appropriate due process. To the extent possible, Kenco will respect the confidentiality and privacy of all individuals involved. If the investigation of a complaint finds evidence of inappropriate behavior by an employee, the offender will be subject to appropriate corrective and/or disciplinary action, up to and including termination.

8.  Kenco has developed this policy to ensure that all employees can work in an environment free from unlawful harassment, discrimination, and retaliation. If you have any questions regarding this policy you should direct them to the Kenco Management Services Human Resources Department.

## 5.0 REFERENCES

N/A

## 6.0 HISTORY

| Revision Number | Date | Description of Revision |
|---|---|---|
| 00 | 10/09/14 | o New template and Numbering<br>o Changed document number from POL-HR-6.2.004 |
| 01 | 11/05/14 | o Added Employment Acknowledgement<br>o Updated Kenco Hotline Information |
| 02 | 10/27/16 | o Updated and added anti-discrimination language and protected categories. Other related changes. |

## CERTIFICATE OF SERVICE

I hereby certify that on October 17th, 2022 Plaintiff's Second Amended Complaint and Affidavit was e-filed with the Clerk of the Court, mailed U. S. Postal Service and electronically to:

Julia Pearce Argentieri
J. Casey Leech
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
julia.argentieri@jacksonlewis.com
casey.leech@jacksonlewis.com

Tony Brummett, pro se
2640 N. Church Street
Decatur, Il 62526
317.501.9483
tbrum8881@gmail.com

2:21-cv-02221-CSB-EIL # 47-10 Page 1 of 2
2:21-cv-02221-CSB-EIL Filed 10/18/22 Page 14 of 15
E-FILED
Tuesday, 18 October, 2022 09:13:30 AM
Clerk, U.S. District Court, ILCD

The United States District Court for the
Central District of Illinois

| | | |
|---|---|---|
| TONY BRUMMETT | ) | VERIFIED COMPLAINT |
| | ) | |
| Plaintiff, | ) | Docket No.: 21-CV-2221 |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | COMPLAINT FOR |
| | ) | VIOLATIONS OF: |
| | ) | |
| KENCO LOGISTIC SERVICES, | ) | |
| LLC.; | ) | |
| | ) | |
| | ) | Magistrate Judge Eric Long |
| | ) | |
| Defendant, | | |

## AFFADAVIT

**The Statement made below are true and are declared under oath**

1. My legal name is Tony Brummett and I am the Plaintiff in this matter is an individual with his place of residence have and at all time during his employment and this litigation has been at 2640 N. Church Street, Decatur, Il 62526

2. Defendant Kenco Logistic Services, LLC (hereinafter "Kenco") is a company with a principle place of business where it was founded in 1950 to the best of my knowledge and is located at 2001 Riverside Drive, Chattanooga TN.

3. During my employment with the Defendant none of its agents informed me of the statements each represented to a Government Agency.

4. To the best of my knowledge there is no documentation or conversations supporting the Defendant or its agents' statements.

5. The Defendant and or its agents made false statements regarding my employment for the Defendant.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

_____
Tony Brummett

Notary Public _Samaria Theus_ 10/17/2022

Title and/or Rank _Notary_

Date of Commission Expire _3/11/2025_

OFFICIAL SEAL
SAMARIA THEUS
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires 3-11-2025